In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-99-470 CR


____________________



VALARIE TRINETTE BENSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 73411






O P I N I O N



 This is an appeal from a revocation of probation. Pursuant to a plea bargain,
appellant Valarie Trinette Benson (1) pleaded guilty to an indictment for "securing execution
of document by deception." (2) The trial court deferred adjudication of guilt, placed Benson
on community supervision for a two year period, and ordered her to pay $4,198.00 in
restitution. Subsequently, the State filed a Motion to Revoke in which it alleged various
violations of the deferred community supervision order. The trial court adjudicated
Benson's guilt and sentenced her to two years in a state jail facility. 

 After appeal was perfected, appellant's counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes no arguable error
is presented that would support the appeal. On April 12, 2001, Benson was given an
extension of time in which to file a pro se brief if she so desired. 

 Benson timely filed her pro se brief in which she claims her due process rights
guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were
denied. She contends the sentencing hearing itself "was so flawed that a denial of [her]
right to due process of law occurred . . . There was a complete breakdown of the
traditional, Constitutional safeguards that citizens of the State of Texas and the United
States of America are protected by." 

 As we appreciate her complaint, Benson is not appealing the trial court's decision
to adjudicate guilt. If she were, we could not consider it. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(b) (Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738, 740-41
(Tex. Crim. App. 1999) (Trial court's decision to adjudicate guilt is not subject to appeal.)
Although Benson does not identify the denial of any specific right, it appears she is
attempting to raise Issa error or at least a complaint regarding the process by which she
was sentenced. (3) See Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001)
(Vidaurri's claim that he was deprived of a separate punishment hearing challenges the
process by which he was sentenced, an issue that is "unrelated to his conviction."); Issa
v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (A defendant is entitled to a
punishment hearing after an adjudication of guilt.). No Issa error occurred. The trial
court held a punishment hearing after adjudication of guilt. 

 We have reviewed the punishment hearing. Appellant did not object at the
punishment hearing on due process grounds or any other ground and did not file a motion
for new trial. Thus, she waived any error concerning the "process" by which she was
sentenced. See Tex. R. App. P. 33.1(a). See Vidaurri, 49 S.W.3d at 886. 

 We have reviewed the clerk's and the reporter's records and find no arguable error
requiring us to order appointment of new counsel. See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). Her issue on appeal is overruled, and the judgment is
affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on September 25, 2001

Opinion Delivered October 3, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. The record contains various spellings of Benson's first name -- "Valarie,"
"Valorie," and "Valerie." We use the spelling "Valarie," as contained in the indictment
and the judgment.
2. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 32.46, 1993 Tex.
Gen. Laws 3586, 3653 (amended 1997) (current version at Tex. Pen. Code Ann. § 32.46
(Vernon Supp. 2001).
3. We conclude we have jurisdiction to address this issue in spite of the fact that
Benson filed a general notice of appeal. As we interpret her claim on appeal, she does not
challenge her conviction; instead, she challenges the process by which she was sentenced
Therefore, we have jurisdiction. See Vidaurri v. State, 49 S.W.3d 880, 884 (Tex. Crim.
App. 2001).