In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-479 CR


NO. 09-00-480 CR


____________________



JAMES GUIBERTEAUX, III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause Nos. 73441 and 74668






O P I N I O N



 Appellant James Guiberteaux III appeals from the revocation of deferred community
supervision in two separate offenses, Cause No. 09-00-479 CR and Cause No. 09-00-480
CR. Pursuant to a plea bargain in each offense, Guiberteaux pleaded guilty to an
indictment for the offense of deadly conduct (Cause No. 09-00-479 CR) and a separate
indictment for aggravated assault, repeat offender (Cause No. 09-00-480 CR). See Tex.
Pen. Code Ann. § 22.05(b) (Vernon 1994) (deadly conduct); Tex. Pen. Code Ann. §
22.02 (Vernon 1994) (aggravated assault). In each case, (1) the trial court deferred
adjudication of guilt, placed Guiberteaux on community supervision for ten years, and
ordered him to pay a $750 fine. Subsequently, the State filed Motions to Revoke
Guiberteaux's probation alleging violations of the deferred community supervision orders. 
In each case, Guiberteaux pleaded true to one of the violations; the trial judge found that
count and one other to be true. In each offense, the trial court adjudicated Guiberteaux's
guilt and sentenced him to eight years in the Texas Department of Criminal Justice -
Institutional Division. 

 Guiberteaux raises the same issue in both appeals: "Appellant was denied due
process of law in the proceeding wherein Appellant was sentenced by the trial court
below." He specifically complains of violations of his due process rights during the
sentencing hearing and alleges "there occurred a complete lack of the Constitutional
safeguards the [sic] inure to all U.S. and Texas citizens." 

 As we appreciate his complaint, Guiberteaux is not appealing the trial court's
decision to adjudicate guilt. If he were, we could not consider it. See Tex. Code Crim.
Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738,
740-41 (Tex. Crim. App. 1999) (Trial court's decision to adjudicate guilt is not subject to
appeal.). Although appellant does not identify the denial of any specific right, it appears
he is attempting to challenge the process by which he was sentenced or raise Issa error. (2) 
See Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001) (Vidaurri's claim
that he was deprived of a separate punishment hearing challenges the process by which he
was sentenced, an issue that is "unrelated to his conviction."); see also Issa v. State, 826
S.W.2d 159, 161 (Tex. Crim. App. 1992). (3) We have reviewed the sentencing hearing.
No Issa error occurred. Guiberteaux did not object at the hearing on due process grounds,
and he did not file a motion for new trial. The objections made during the hearing had
nothing to do with claims of due process violations and do not comport with the complaint
on appeal; consequently, appellant has preserved nothing for review. See Ibarra v. State,
11 S.W.3d 189, 197 (Tex. Crim. App. 1999). Further, Guiberteaux does not direct us to
any specific point in the hearing where he claims any right was denied. Thus, he waived
any error concerning the "process" by which he was sentenced. See Tex. R. App. P.
33.1(a). See Vidaurri, 49 S.W.3d at 886. Appellant's issue in each case is overruled. We
affirm the judgments of the trial court.

 AFFIRMED.

 PER CURIAM

Submitted on October 1, 2001

Opinion Delivered October 10, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. The offenses were disposed of separately in a hearing on the same date. 

2. We conclude we have jurisdiction to address this issue in spite of the fact that
Guiberteaux filed a general notice of appeal in each case. As we interpret his argument
on appeal, he is challenging the process by which he was sentenced. In that limited
context, we have jurisdiction. See Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim.
App. 2001). 
3. In Issa, 826 S.W.2d at 161, the Court of Criminal Appeals held that a "defendant
is entitled to a punishment hearing after the adjudication of guilt, and the trial judge must
allow the accused the opportunity to present evidence."