NUMBER 13-01-246-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




BILLY WAYNE McLAIN , Appellant,


v.


THE STATE OF TEXAS , Appellee.





On appeal from the 252nd District Court

of Jefferson County, Texas.



O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Castillo

 

This is an appeal of the revocation of appellant Billy Wayne McLain's community supervision. McClain pled guilty,
pursuant to a plea bargain, to the offense of aggravated sexual assault of a child and was placed on ten years deferred
adjudication in July of 1999. A motion to revoke probation and adjudicate guilt was subsequently filed and, at the hearing
on the motion, McLain pled true to four of the five allegations therein. The court revoked his probation, adjudicated his
guilt, and sentenced him to fifteen years incarceration in the penitentiary.

McLain's counsel on appeal has filed a brief purporting to comply with Anders v. California, 386 U.S. 738, 744 (1967), in
which he concludes that there is no reversible error reflected by the record. (1) Counsel certified that he provided appellant
with a copy of the brief and informed appellant of his right to review the record and to file a pro se brief. This Court
granted counsel's motion for extension of time to allow appellant to file a pro se brief. The period of extension has expired
and appellant has not filed a pro se brief with this court. 

It is well settled that no appeal may be taken of a trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann.
art. 42.12, §5(b)(Vernon Supp. 2001);Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). A defendant does have a
limited right to challenge errors made following a determination to adjudicate. SeeIssa v. State, 826 S.W.2d 159, 161 (Tex.
Crim. App. 1992).

Appellant presents no errors, nor does he raise any grounds for which this Court would have jurisdiction. In reviewing the
record carefully as mandated by Penson v. Ohio, 488 U.S. 75, 82-83 (1988), we agree with appellant's counsel that the
appeal is wholly frivolous and without merit. We dismiss the appeal for want of jurisdiction. Furthermore, we order
appellant's attorney to notify appellant of the disposition of this appeal and of the availability of discretionary review. See
Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). 

 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of December, 2001.

 

1. Review of the brief reveals that it does not meet the standards required by Anders v.

California, 386 U.S. 738, 744 (1967). A court-appointed appellate counsel must refer the reviewing court to anything in
the record that might arguably support the appeal and "discuss the evidence adduced at the trial, point out where the
pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the
objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not
harmed by the ruling of the court." High v. State, 573 S.W.2d 807, 811-813 (Tex. Crim. App. 1978). The brief in the
present case is little better than the "no-merit letter" expressly condemned in Anders. Anders, 386 U.S. at 744-45. While
we do not condone the filing of such a brief, after reviewing the record we have determined that it would serve no useful
purpose to require counsel to re-brief to meet the appropriate standards and conclude that we will be able to justly review
the appeal, even without the benefit of an adequate brief.