In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-215 CR


____________________



HILARY DANE NORRIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 77637






OPINION


 Hilary Dane Norris pleaded guilty to the second degree felony offense of aggravated
assault. See Tex. Pen. Code Ann. § 22.02 (Vernon 1994). The trial court deferred
adjudication of guilt, fined Norris $1,000, and placed Norris on community supervision
for six years. The record reflects the trial court followed the terms of a plea bargain
agreement between Norris and the State. Subsequently, the court found Norris violated
the terms of community supervision by committing the criminal offense of burglary of a
vehicle. The trial court adjudicated guilt and sentenced Norris to confinement in the Texas
Department of Criminal Justice, Institutional Division, for twelve years. 

 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes no arguable error
which would support the appeal is presented, a conclusion with which we concur. On
August 23, 2001, Norris was given an extension of time in which to file a pro se brief if
he so desired. We received no response from the appellant.

 To invoke our appellate jurisdiction in any appeal on any ground in a plea-bargained
felony case, the notice of appeal must comply with Rule 25.2(b)(3). (1) See Cooper v. State,
45 S.W.3d 77 (Tex. Crim. App. 2001). In an appeal governed by Rule 25.2(b)(3), a
general notice of appeal does not invoke our jurisdiction, even to review matters which
may be raised on appeal if the notice of appeal complies with that rule. See White v. State,
 No. 123-01, 2001 WL 1539153 (Tex. Crim. App. Dec. 5, 2001) (not yet reported)
(jurisdictional issues); Davis v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994)
(issues raised by pre-trial motions). 

 In all cases where adjudication of guilt is deferred under Texas Code of Criminal
Procedure Article 42.12 § 5, there is no right of appeal of the trial court's decision to
adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); see
Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (b) (Vernon Supp. 2002). A defendant who
receives deferred adjudication may appeal the denial of his right to present evidence in
mitigation of punishment. See Issa v. State,  826 S.W.2d 159, 161 (Tex. Crim.
App.1992). That right is satisfied if the defendant is given the opportunity to present
evidence in mitigation of punishment at any time before the trial court pronounced
sentence. Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). 

 The statutory limitation on deferred adjudication appeals imposed by Article 42.12
§ 5 is totally unrelated to the procedural rules related to plea bargain felony appeals,
although both limitations operate independently if the defendant is placed on deferred
adjudication community supervision and the defendant entered into a plea bargain
agreement with the prosecuting authority. 

 Rule 25.2(b)(3) applies to appeals from felony convictions following adjudication
of guilt if the defendant plea bargained for deferred adjudication community supervision. 
Vidaurri v. State, 49 S.W.3d 880, 882-85 (Tex. Crim. App. 2001); Watson v. State, 924
S.W.2d 711, 714-15 (Tex. Crim. App.1996). This procedure governing appeals in felony
plea bargain cases does not extend to appeals raising error relating to the process by which
the defendant is punished in a deferred adjudication case. See Vidaurri, 49 S.W.3d at 885. 
Thus, a defendant, after having plea bargained for deferred adjudication community
supervision, may use a general notice of appeal to invoke our jurisdiction to address what
is commonly referred to as Issa error. Vidaurri v. State, 49 S.W.3d at 885. 

 In the case before the Court, however, no error relating to the process by which the
defendant was punished was preserved at trial or raised on appeal. Therefore, it cannot
be argued that the general notice of appeal invoked our appellate jurisdiction. See Vidaurri
v. State, 49 S.W.3d at 885.

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Norris raises no points of error
over which we have jurisdiction. Accordingly, we dismiss the appeal for want of
jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM


Submitted on December 31, 2001

Opinion Delivered January 9, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The notice of appeal must specify that the appeal is for a jurisdictional defect,
specify that the substance of the appeal was raised by written motion and ruled on before
trial, or state the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).