NO. 07-00-0149-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 2, 2002



______________________________




DONNIE YVETTE ANDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NO. 793120; HONORABLE M. WILKINSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Upon a plea of guilty for possession of a controlled substance, on January 26, 1999,
appellant was granted deferred adjudication for two years and placed on community
supervision for four years. Upon the State's second amended motion to adjudicate guilt,
the court found that appellant had violated the terms and conditions of community
supervision, adjudicated him guilty, and assessed punishment at two years confinement
in a state jail facility. Appellant filed a pro se general notice of appeal. (1) By one issue,
appellant contends he was denied effective assistance of counsel where counsel failed to
object or file a motion for new trial complaining of the trial court's failure to provide him with
a punishment hearing after he had been adjudicated guilty. Based upon the rationale
expressed herein, we affirm.

 Appellant acknowledges that no appeal may be taken from a trial court's
determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon
Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Olowosuko v.
State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). When a trial court finds that an
accused has violated the terms and conditions of community supervision as alleged by the
State and adjudicates a previously deferred finding of guilt, the court must then conduct
a second phase to determine punishment. Issa v. State, 826 S.W.2d 159, 161 (Tex.Cr.App.
1992). There is nothing to prohibit a defendant from claiming ineffective assistance of
counsel at the punishment phase after an adjudication conviction. Kirtley v. State, 56
S.W.3d 48, 51 (Tex.Cr.App. 2001). However, in order to complain of the trial court's failure
to permit presentation of evidence after an adjudication of guilt and before sentencing, a
defendant must preserve error. See Tex. R. App. P. 33.1(a)(1)(A); see also Hardeman v.
State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999). 

 After evidence of appellant's violations of the terms and conditions of community
supervision was presented, the trial court proceeded without objection from counsel as
follows:

 At this time I'm specifically finding you guilty of the offense of possession of
a controlled substance . . . and I assess your punishment at two years
confinement in the State Jail Facility.


Appellant asserts that his failure to preserve error is attributable to trial counsel's
ineffectiveness by failing to object or file a motion for new trial. We agree and review
appellant's contention by the standard set forth in Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (2) Under Strickland, a defendant must establish that
(1) counsel's performance was deficient (i.e., fell below an objective standard of
reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. 
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Garcia v. State,
887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368,
131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to
reasonably effective counsel, it does not guarantee errorless counsel whose competency
or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d
503, 509 (Tex.Cr.App. 1984); see also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App.
1993). A strong presumption exists that defense counsel's conduct falls within a wide
range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct. at 2064, 80
L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), cert. denied,
529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of
ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615
S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption
that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877
S.W.2d 768, 771 (Tex.Cr.App. 1994). After proving error, a defendant must also
affirmatively demonstrate prejudice. Garcia, 887 S.W.2d at 880. Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id.

 When claiming ineffective assistance for failure to object, an appellant must
demonstrate that if counsel had objected, the judge would have committed error in refusing
to sustain the objection. Brown v. State, 6 S.W.3d 571, 575 (Tex.App.-Tyler 1999, pet.
ref'd), citing Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996). An accused that
has been adjudicated guilty from a previously deferred finding is entitled to a punishment
hearing. Issa, 826 S.W.2d at 161. Thus, had trial counsel objected to the trial court's
failure to conduct a punishment hearing, the trial court would have erred in overruling the
objection. Further, because appellant's complaint was not preserved for review, there can
be no argument that counsel's failure to object was sound trial strategy. The record before
us establishes that trial counsel's performance was deficient. 

 Having concluded that the first prong of Strickland was satisfied, we must now
determine whether counsel's deficient performance was sufficient to undermine confidence
in the outcome. Without an opportunity to present punishment evidence appellant was
assessed the maximum punishment for a state jail felony. Tex. Pen. Code Ann. § 12.35(a)
(Vernon 1994). However, a penalty imposed within the range of punishment established
by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536,
538 (Tex.Cr.App. 1978); Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.-Eastland
1996, pet. ref'd). Furthermore, the trial court is vested with a great degree of discretion
in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App.
1984). With an undeveloped record before us on direct appeal, appellant cannot satisfy
the second prong of Strickland. Although we agree that trial counsel's performance was
deficient, we nevertheless overrule appellant's issue.

 However, recourse for appellant is still available. Appellant can submit his
complaint by application for a post-conviction writ of habeas corpus to develop a record
focusing on counsel's conduct. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2002); see Oldham v. State, 977 S.W.2d 354, 363 (Tex.Cr.App. 1998), cert. denied, 525
U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999).

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Johnson, J., concurring.


Do not publish.



NO. 07-00-0149-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 2, 2002



______________________________




DONNIE YVETTE ANDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NO. 793120; HONORABLE M. WILKINSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

CONCURRING OPINION


 I concur in the result. 

 Phil Johnson

 Justice


Do not publish. 

 
1. Because a claim of ineffective assistance of counsel at the punishment phase after
an adjudication of guilt is an issue unrelated to the conviction, appellant's general notice
of appeal is sufficient to invoke our jurisdiction. See Vidaurri v. State, 49 S.W.3d 880, 884
(Tex.Cr.App. 2001).
2. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).