NO. 07-00-0149-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 2, 2002

_____

DONNIE YVETTE ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;

NO. 793120; HONORABLE M. WILKINSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of guilty for possession of a controlled substance, on January 26, 1999, appellant was granted deferred adjudication for two years and placed on community supervision for four years. Upon the State's second amended motion to adjudicate guilt, the court found that appellant had violated the terms and conditions of community supervision, adjudicated him guilty, and assessed punishment at two years confinement

in a state jail facility. Appellant filed a *pro se* general notice of appeal.[1] By one issue, appellant contends he was denied effective assistance of counsel where counsel failed to object or file a motion for new trial complaining of the trial court's failure to provide him with a punishment hearing after he had been adjudicated guilty. Based upon the rationale expressed herein, we affirm.

Appellant acknowledges that no appeal may be taken from a trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). When a trial court finds that an accused has violated the terms and conditions of community supervision as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment. Issa v. State, 826 S.W.2d 159, 161 (Tex.Cr.App. 1992). There is nothing to prohibit a defendant from claiming ineffective assistance of counsel at the punishment phase after an adjudication conviction. Kirtley v. State, 56 S.W.3d 48, 51 (Tex.Cr.App. 2001). However, in order to complain of the trial court's failure to permit presentation of evidence after an adjudication of guilt and before sentencing, a

---

[1]Because a claim of ineffective assistance of counsel at the punishment phase after an adjudication of guilt is an issue unrelated to the conviction, appellant's general notice of appeal is sufficient to invoke our jurisdiction. *See* Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001).

defendant must preserve error. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

After evidence of appellant's violations of the terms and conditions of community supervision was presented, the trial court proceeded without objection from counsel as follows:

> At this time I'm specifically finding you guilty of the offense of possession of a controlled substance . . . and I assess your punishment at two years confinement in the State Jail Facility.

Appellant asserts that his failure to preserve error is attributable to trial counsel's ineffectiveness by failing to object or file a motion for new trial. We agree and review appellant's contention by the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2] Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

---

[2]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994). After proving error, a defendant must also affirmatively demonstrate prejudice. *Garcia*, 887 S.W.2d at 880. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id*.

When claiming ineffective assistance for failure to object, an appellant must demonstrate that if counsel had objected, the judge would have committed error in refusing

4

to sustain the objection. Brown v. State, 6 S.W.3d 571, 575 (Tex.App.–Tyler 1999, pet. ref'd), *citing* Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996). An accused that has been adjudicated guilty from a previously deferred finding is entitled to a punishment hearing. *Issa*, 826 S.W.2d at 161. Thus, had trial counsel objected to the trial court's failure to conduct a punishment hearing, the trial court would have erred in overruling the objection. Further, because appellant's complaint was not preserved for review, there can be no argument that counsel's failure to object was sound trial strategy. The record before us establishes that trial counsel's performance was deficient.

Having concluded that the first prong of *Strickland* was satisfied, we must now determine whether counsel's deficient performance was sufficient to undermine confidence in the outcome. Without an opportunity to present punishment evidence appellant was assessed the maximum punishment for a state jail felony. Tex. Pen. Code Ann. § 12.35(a) (Vernon 1994). However, a penalty imposed within the range of punishment established by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978); Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.–Eastland 1996, pet. ref'd). Furthermore, the trial court is vested with a great degree of discretion in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984). With an undeveloped record before us on direct appeal, appellant cannot satisfy the second prong of *Strickland.* Although we agree that trial counsel's performance was deficient, we nevertheless overrule appellant's issue.

5

However, recourse for appellant is still available.  Appellant can submit his complaint by application for a post-conviction writ of habeas corpus to develop a record focusing on  counsel's conduct.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002); *see* Oldham v. State, 977 S.W.2d 354, 363 (Tex.Cr.App. 1998), *cert. denied*, 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999).

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Johnson, J., concurring.

Do not publish.

NO. 07-00-0149-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 2, 2002

_____

DONNIE YVETTE ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;

NO. 793120; HONORABLE M. WILKINSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

CONCURRING OPINION

I concur in the result.

Phil Johnson
Justice

Do not publish.