Affirmed and Memorandum Opinion filed November 29, 2005









Affirmed
and Memorandum Opinion filed November 29, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00768-CR

____________

 

JOSHUA WAYNE O=NEAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 802,969

 



 

M E M O R A N D U M   O P I N I O N

Appellant was sentenced to five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice after
the trial court found that he violated the terms and conditions of his deferred
adjudication community supervision.  On
appeal, appellant contends that (1) the trial court erred by failing to provide
a punishment hearing, and (2) appellant was denied effective assistance of
counsel.  We affirm.

Factual Background

In 1999, appellant pleaded guilty to the
felony offense of aggravated assault with a deadly weapon.  The trial court deferred adjudication of his
guilt and placed him on community supervision for five years.  In 2004, the State moved to adjudicate
appellant=s guilt, alleging that he violated the
conditions of his community supervision. 
On July 23, 2004, without an agreed recommendation for punishment,
appellant pleaded true to the State=s motion.  Appellant also waived his right to have a
court reporter record the hearing on the motion.  

The trial court found that appellant
violated the terms and conditions of his community supervision by failing to
avoid injurious and vicious habits, adjudicated his guilt, and sentenced him to
five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice. 
Appellant filed a motion for new trial alleging only AThe verdict in
this cause is contrary to the law and the evidence.@ 

I.        Separate
Punishment Hearing

In his first issue, appellant contends the
trial court erred by failing to conduct a separate punishment hearing following
its decision to adjudicate his guilt. 
When the trial judge adjudicates an offense for which the defendant had
received deferred adjudication, the trial judge must afford the defendant the opportunity
to present punishment evidence.  See
Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).  While such evidence may be presented in a
separate punishment phase hearing, a separate punishment hearing is not
necessary if the defendant has been afforded the opportunity to present evidence
in mitigation of punishment during the adjudication hearing.  See Hardeman v. State, 1 S.W.3d 689,
690B91 (Tex. Crim.
App. 1999); Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App.
1999). 








Appellant contends he was prevented from
providing mitigating witness testimony during the punishment phase or at any
phase of the trial.  However, absent a
reporter=s record of the
proceedings, nothing in the appellate record shows that appellant was prevented
from presenting punishment evidence.  In
fact, letters from appellant=s grandmother and
wife attesting to his character filed in the clerk=s record support a
contrary inference.  

Moreover, nothing in the record shows that
appellant objected at any point during the proceedings and obtained an adverse
ruling from the trial court.  Nor did
appellant raise the issue in his motion for new trial.  Although a defendant may be entitled to a
separate punishment hearing, it is a statutory right that can be waived.  See Vidaurri v. State, 49 S.W.3d 880,
886 (Tex. Crim. App. 2001) (citing Issa, 826 S.W.2d at 161).  A defendant=s failure to
object to the lack of a separate punishment hearing waives the error, if any,
for review by the appellate court.  Tex. R. App. P. 33.1(a); Vidaurri,
49 S.W.3d at 885B86. 

Because appellant has not demonstrated
that he was prevented from presenting punishment evidence or that he raised an
objection to any failure to conduct a separate punishment hearing in the trial
court, he has failed to preserve the error for appeal.  See Tex.
R. App. P. 33.1(a); Vidaurri, 49 S.W.3d at 885B86.  We therefore overrule appellant=s first issue.

II.       Ineffective
Assistance of Counsel

In his second issue, appellant contends counsel provided
ineffective assistance by failing to present appellant=s character witnesses at the hearing
on the motion to adjudicate guilt, even though the witnesses were present and
available to testify.  To show that his
trial counsel was ineffective, appellant must meet a two‑prong test.  Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).  First, appellant must show
that his counsel=s performance was deficient; second, appellant must show the
deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687; Hernandez, 988 S.W.2d at 770.








In evaluating the effectiveness of counsel under the first
prong, we look to the totality of the representation and the particular
circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether counsel=s assistance was reasonable under all
the circumstances and prevailing professional norms at the time of the alleged
error.  Strickland, 466 U.S. at
688B89. 
A[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment.@  Id. at 690.  An allegation of ineffective assistance must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson,
9 S.W.3d at 814.  Our scrutiny of counsel=s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight.  Strickland, 466
U.S. at 689.

The second prong of Strickland requires a showing that
counsel=s errors were so serious that they
deprived the defendant of a fair trial, meaning a trial whose result is
reliable.  Id. at 687.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Id. at 694.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  

The burden is on the defendant to prove a claim of
ineffective assistance of counsel, and the claim must be proven by a
preponderance of the evidence.  See
Rylander v. State, 101 S.W.3d 107, 109B10 (Tex. Crim. App. 2003); Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Appellant contends his grandmother and
wife were present and ready to testify at the punishment phase of the hearing,
but were never called to testify. 
Appellant maintains he was prejudiced by counsel=s failure to call
these witnesses because the testimony, if favorable, may have influenced the
trial court to either impose Astraight probation@ and an assignment
to a treatment facility, or a term of confinement of less than five years.








Again, in the absence of a reporter=s record, nothing
in the appellate record shows that the witnesses were not called to testify by
appellant=s counsel at the hearing.[1]  Moreover, nothing in the appellate record reflects
appellant=s trial counsel=s reasons for not
presenting the witnesses, if indeed they were not presented.  Without evidence in the record showing the
reasons for counsel=s decisions or actions regarding claimed
errors or omissions, appellant cannot overcome the strong presumption that
counsel rendered
adequate assistance and made all significant decisions in the exercise of
reasonable professional judgment. 
See Mallett v. State, 65 S.W.3d 59, 68 (Tex. Crim. App. 2001) (AWe conclude that
the Court of Appeals erred in holding that Mallett=s attorney was
ineffective when the record provided no explanation for the motivation behind
counsel=s decisions.  Each >deficiency= of counsel
claimed by the appellate court could have been an exercise of reasonable
professional judgment.@); Osorio v. State, 994 S.W.2d 249,
253 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d) (ADue to the lack of
evidence in the record concerning trial counsel=s reasons for
these alleged acts of ineffectiveness, we are unable to conclude that appellant=s trial counsel=s performance was
deficient.@).  

Any decision that appellant=s counsel was
constitutionally deficient would, on this record, require us to speculate about
the reasons for trial counsel=s actions or
inactions, which we are not permitted to do. 
See Bone, 77 S.W.3d at 835 (AIneffective
assistance of counsel claims are not built on retrospective speculation; they
must >be firmly founded
in the record.=@); Stults v.
State, 23 S.W.3d 198, 208 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (AAn appellate court
will not speculate about the reasons underlying defense counsel=s decisions.@).  We therefore overrule appellant=s second issue.

Conclusion

We affirm the trial court=s judgment.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed November 29, 2005.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  As noted above, letters from both
witnesses were filed and appear in the clerk=s record.  There is
no evidence that these were not considered by the trial court.