Michel [1] Wadin ISSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 1155–90.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 29, 1992.

Rehearing Denied March 25, 1992.

W.V. Dunnam, Jr., Waco, for appellant.

Paul E. Gartner, Jr., Dist. Atty., Tanya S. Dohoney, Asst. Dist. Atty., Waco, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was charged by indictment with the felony offense of theft of property with a value of at least $750 but less than $20,000, alleged to have been committed on or about April 16, 1987. On December 11, 1987, in the 54th Judicial District Court of McLennan County, appellant plead guilty before the court per a plea agreement. Pursuant thereto, on February 5, 1988, an order deferring adjudication placed appellant on probation for a period of five years. The State filed a motion to revoke said probation on February 20, 1989, alleging that appellant had committed a subsequent misdemeanor theft offense. On May 25, 1989, a contested hearing was held and thereafter the probation was revoked with appellant being sentenced to ten years confinement in the Texas Department of Corrections.[2]

Appellant's petition for discretionary review raised five grounds, each complaining about the revocation. We granted review solely on ground number one, which avers:

> The judge who presided at the hearing on Motion to Proceed to Adjudication and to Revoke Probation erred by adjudging

---

1. Though the Tenth Court of Appeals' opinion and orders denying rehearing indicate that appellant's first name is spelled "Michael," we observe that the indictment, order deferring adjudication, and judgment revoking probation each spell it "Michel." Appellant's brief and motions below each spelled the name "Michael."

2. Now known as the Texas Department of Criminal Justice—Institutional Division.

Defendant guilty and *immediately* sentencing him to ten years confinement without giving Defendant any opportunity to be heard on the issue of punishment and sentence, in violation of Due Process of Law guaranteed the Defendant under the Fourteenth Amendment to the Constitution of the United States and the Due Course of Law Provision of Article 1, Section 10 of the Constitution of the State of Texas. [Emphasis in original.]

The record reflects that after the State's presentation of evidence at the hearing on the motion, appellant moved for the court to "render [j]udgment denying revocation" based upon insufficient evidence of proof of the alleged violation. The trial court denied the motion. Appellant then responded, "Defendant rests." The trial court then asked, "Argument on the findings?" The State proceeded to argue that it had proven the alleged violation while appellant argued that it had not. In response to an objection by the State during appellant's argument, appellant asked to re-open and present testimony from his supervising probation officer who had not previously testified.[3] The trial court denied the request, whereupon appellant indicated that he wanted "to show what the probation officer would testify [to] for [his] record." After the trial court denied that request, appellant continued his attack upon evidence sufficiency. At the conclusion of appellant's argument, the following was stated:

[THE COURT]: The Court hereby revokes your probation and enters a finding, adjudication of this case finds you guilty of Theft of over $750, and less than twenty thousand dollars, as alleged in the original indictment, and hereby

sentences you to serve a term in the Texas Department of Corrections for ten years. You are now remanded to the Sheriff of McLennan County, and in his custody be safely kept until you are delivered to persons authorized to receive prisoners at the Texas Department of Corrections, where you will spend a term of ten years.

[APPELLANT'S ATTORNEY]: I thought the probated sentence was for five years.

[THE PROSECUTOR]: Judge, on deferred adjudication, the Court can give the maximum amount.

[THE COURT]: Court's recessed.

Appellant's complaint is to the propriety of the trial court's assessment of a sentence immediately after adjudicating guilt.

The Tenth Court of Appeals held that because appellant did not call any witnesses when he had the opportunity, and because he did not object on the ground asserted on appeal, he had waived any complaint. *Issa v. State*, No. 10–89–199–CR (Tex.App.—Waco, delivered May 17, 1990). It also opined that once a decision to adjudicate guilt was reached, the court could assess punishment immediately. *Id.*

We observe that the record does not reflect an objection by appellant to the trial court's action of immediately sentencing him.[4] Appellant claims that the trial judge immediately left the bench without giving him the opportunity to make such an objection. It would appear that the first time appellant raised such complaint was in his motion for new trial filed on June 20, 1989, 26 days after the contested revocation hearing.[5] The State avers that appellant's failure to immediately object at the revoca-

---

3. Appellant made this request to reopen in response to the State's objection to his commenting during argument that "it is difficult to even understand [appellant's] English[.]"

4. His above-described comment at the revocation hearing indicates that he was concerned about the sentence of ten years exceeding the five-year probationary term.

5. Said motion alleged, among other things, that the judge who presided over the probation revocation hearing "granted said [m]otion to [r]e-

voke, adjudged Defendant guilty of the offense to which he pleaded guilty ... and sentenced him to ten years confinement in the Texas Department of Corrections without giving the Defendant any opportunity to be heard on the issue of punishment and sentence, which constituted a violation of due process of law guaranteed the Defendant under the Fourteenth Amendment to the Constitution of the United States and the due course of law provision of Article 1, Section 19 of the Constitution of the State of Texas."

tion hearing waived his complaint. We disagree.

In *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Cr.App.1984), we stated that "[f]airness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity." Thus, the trial court should have allowed appellant to present such evidence prior to sentencing. Appellant indicated at the hearing on his new trial motion that he had wanted to present evidence, prior to sentencing, regarding the facts of the original offense for which he had just been adjudicated guilty of committing, his purported absence of a prior arrest record, and his claimed difficulty in comprehending and communicating in the English language.

Today we hold that when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment. As Art. 42.12, § 3d(b), V.A.C.C.P. (1988), provides, "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." *See* now Art. 42.12, § 5(b), V.A.C.C.P. (1990). Thus, based upon the statute, the defendant is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence. The trial court in the instant cause erred in not so doing.

■ We again note that there was no objection to this procedure, and, as the dissent notes, one would ordinarily be required pursuant to Tex.R.App.Proc. 52(a). However, the record reflects that the trial court in one proclamation stated that it "[t]hereby revoke[d] [appellant's] probation and enter[ed] a finding, adjudication ..., and [t]hereby sentence[d] [appellant] to serve a term in the Texas Department of Corrections for ten years[,]" appellant had no opportunity to object to the trial court's action until after that action was taken. We therefore conclude that raising his objection in his timely filed motion for new trial did preserve the error for appellate review.

Because appellant was improperly sentenced without being given an opportunity to present evidence prior to sentencing, we remand to the trial court for resentencing in accordance with the above-stated principles.

OVERSTREET, Judge, dissenting.

While I strongly agree with the portion of this Court's per curiam opinion in the instant cause which holds that a trial court must conduct a second phase allowing for the presentation of evidence after adjudicating guilt in a deferred adjudication case, I disagree with the conclusion that appellant managed to preserve his claim of error in this case. The record clearly reflects that appellant failed to make a timely objection to the trial court's action of immediately sentencing him. As this Court's majority opinion notes, his sole verbalized complaint concerned the length of sentence rather than its immediacy.

Tex.R.App.Proc. 52(a) specifies that to preserve a complaint for appellate review a party must have presented to the trial court a timely request, objection or motion stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. Appellant made no such request, objection or motion at the revocation hearing, and it certainly cannot be said that the claim which he now makes on appeal was apparent from the context.[1]

The contemporaneous objection rule applies to alleged due process violations in

---

**1.** Had appellant truly wanted to present any punishment evidence at the revocation hearing, he certainly had the opportunity to inform the trial court of such desire. His motion for new trial, filed some 26 days after-the-fact, indicates a belated tardy desire to present such evidence.

the probation revocation process. *Rogers v. State*, 640 S.W.2d 248, 265 (Tex.Cr.App. 1982) (Second Opinion on Rehearing). As there was no attempt to nor request for an opportunity to present punishment evidence, or a timely objection to the trial court's sentencing without hearing such, there was no preservation of the error in the court's proceeding in such manner. Therefore the trial court's judgment and sentence should be affirmed. Because the majority opinion does not do so, I respectfully dissent.

McCORMICK, P.J., and CAMPBELL and WHITE, JJ., join.