NUMBER 13-00-229-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JAMES NILES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Castillo


Opinion by Justice Castillo



 This is an appeal of the revocation of appellant James Niles's
community supervision. Niles pled guilty to the offense of aggravated
sexual assault of a child and was placed on ten years deferred
adjudication in May of 1999. A motion to revoke probation and
adjudicate guilt was subsequently filed and, at the hearing on the
motion, Niles pled true to all the allegations therein. The court revoked
his probation, adjudicated his guilt, and sentenced him to ten years
incarceration in the penitentiary.

 Niles's counsel on appeal has filed a brief purporting to comply
with Anders v. California, 386 U.S. 738 (1967), in which she concludes
that there is no reversible error reflected by the record. Niles has filed a
pro se brief, after being informed of his right to do so, in which he asks
for mercy and a reinstatement of his probation but raises no legal issues
for our review.

 It is well settled that no appeal may be taken of a trial court's
determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. 42.12
§5(b)(Vernon Supp. 2000); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim.
App. 1992). A defendant does have a limited right to challenge errors
made following a determination to adjudicate. See Issa v. State, 826
S.W.2d 159 (Tex. Crim. App. 1992).

 In the instant case, neither Niles nor his appellate counsel present
any errors, nor do they raise any grounds for which this Court would
have jurisdiction. We have carefully reviewed the record and both briefs
and agree with Niles's counsel that the appeal is wholly frivolous and
without merit. We conclude that we are without jurisdiction and,
accordingly, we dismiss. ERRLINDA CASTILLO,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 22nd day of February, 2001.