2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FREDERICK LEE PERKINS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00276-CR



Appeal from the


194th District Court


of Dallas County, Texas 


(TC# F-0002568-M)


MEMORANDUM OPINION


 Frederick Lee Perkins appeals the revocation of his community supervision. We
affirm.

Facts

 On December 20, 2000, Perkins pleaded nolo contendere to the offense of
aggravated assault. In exchange for his plea, he received a sentence of six years'
confinement probated for four years and a fine of $1,500. On September 4, 2001, the
State filed a motion to revoke probation. That motion was amended on November 27,
2001. The revocation hearing was held on May 17, 2002.


 The State made a number of allegations in its motion for revocation. Marked to
the terms and conditions of Perkins' community service, the motion claimed a number of
violations. Those violations can be paraphrased as follows:

 A. Perkins broke the laws of this or any other state when "On or about
APRIL 12, 2001 in the County of Dallas and State of Texas;
FREDERICK LEE PERKINS did unlawfully then and there
intentionally and knowingly threaten ELGIN RUFF, with imminent
bodily injury, and said defendant did use and exhibit a deadly
weapon to-wit: a motor vehicle, during the comission [sic] of the
assault, as alleged in F01-74396-M."


 D. Perkins failed to report as required to his community supervision
officer.


 E. Perkins failed to inform the supervision officer of his whereabouts.


 H. Perkins was delinquent $105 in his payments to the Dallas County
Community Supervision and Corrections Department (DCCSCD).


 J. Perkins was delinquent $440 in his supervision fees to the DCCSCD.


 K. Perkins did not perform his community service hours as directed.


 M. Perkins did not attend or complete his Comprehensive Assessment
and Treatment Services (CATS) as directed.


 O. Perkins did not attend or complete Family Violence Counseling as
directed.


 P. Perkins did not attend or complete an Anger Control Management
Program as directed.


Perkins pleaded not true to the allegations A, H, and J; but pleaded true to allegations D,
E, K, M, O, and P. The trial court found "by a preponderance of the evidence with regard
to Allegation A contained in the motion that you have committed the offense of criminal
mischief in an amount at least $1,500, but less that $20,000; found by a preponderance of
the evidence that you have violated conditions D, E, K, M, O, and P. Because of your
plea of true, this is a unitary procedure in this matter, F00-02568." The judge then
sentenced Perkins to five years' confinement.

 At the close of argument, the trial judge found that Perkins had violated a number
of terms and conditions of community supervision, revoked his community supervision,
and sentenced him to five years' confinement.Separate punishment hearing waived

 Perkins' first point of error claims that the trial court erred in not allowing for a
punishment hearing after finding that appellant had violated his probation. He refers the
Court to Issa v. State, 826 S.W.2d 159 (Tex. Crim. App. 1992), and Texas Code of
Criminal Procedure article 42.12, section 5 to support his argument. We find Perkins has
waived his complaint by not properly preserving the error.

 Immediately following closing arguments, the trial court announced that the
community supervision was to be revoked and the sentence imposed:

 THE COURT: Mr. Perkins, may I ask that you please rise.

 The Court finds by a preponderance of the evidence with regard to
Allegation A contained in the motion that you have committed the offense
of criminal mischief in an amount at least $1,500, but less than $20,000;
found by a preponderance of the evidence that you have violated conditions
D, E, K, M, O, and P. Because of your plea of true, this is a unitary
procedure in this matter, F00-02568, Order, Judgment, and Decree of the
Court that you be taken by the Sheriff of Dallas County, by him safely held
until transferred to an authorized receiving agent of the Institutional
Division of the Texas Department of Criminal Justice where you shall be
confined for a period of five years and until the court costs in the matter
have been discharged. Formal sentence imposed to begin today, May 17th
2002, crediting all back time served since February 26th. I remand you to
the bailiffs.


Perkins lodged no objection to this either at the proceeding or in a motion for new trial.

 Assuming, arguendo, that Perkins was entitled to a separate punishment hearing in
his revocation of community supervision, as he contends, the failure to timely object
waived his complaint. Perkins does not allege that he did not have an opportunity to
object; but even if he did lack such an opportunity, some objection must be brought
forward in a motion for new trial. Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim.
App. 1999); see Issa, 826 S.W.2d at 160-61. No objection was made and no motion for
new trial was filed with the trial court. As a result, Perkins failed to preserve error. The
first point of error is overruled.

Single violation sufficient for revocation

 Perkins' second point of error is that allegation A put forth in the motion to
revoke community supervision was one of aggravated assault, not criminal mischief as
found by the trial court. Perkins does not attempt to explain to this Court in his one
paragraph argument why this makes a difference in this case where he pleaded true to six
other violations of the terms and conditions of his community supervision. It is well
settled that violation of a single condition of community supervision is sufficient to
support the revocation. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980). The only question presented in an appeal from an order revoking community
supervision is whether the trial court abused its discretion by revoking the appellant's
probation. See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In light
of the other six violations, this Court cannot find that any potential error with regard to
this one violation would force the conclusion that the trial judge abused his discretion in
revoking Perkins' community supervision. Perkins' second point of error is overruled.

Conclusion

 For the foregoing reasons, the judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

March 13, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)