NO. 07-02-0493-CR
NO. 07-02-0495-CR
NO. 07-02-0496-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 23, 2003

_____

JOHN DALE HARVEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE A47TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,280-A; 37,611-A; 41,935-A HONORABLE JOHN T. FORBIS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to plea agreements, appellant John Dale Harvey was granted deferred adjudication for aggravated assault in cause number 40,280-A and for assault against a family member in cause number 41,935-A. His punishment was assessed at ten years

community supervision in each cause. In cause number 37,611-A, appellant had been convicted of possession of a controlled substance and placed on community supervision for ten years. After hearing evidence of violations of the conditions thereof, his community supervision was revoked and punishment was assessed at ten years confinement. By two points of error, appellant contends (1) the trial court erred in granting the State's oral request to bifurcate the hearing and conduct a punishment hearing following the revocation/adjudication portion of the proceeding without notice, and (2) he was denied due process by not being allowed a proper punishment hearing. Based upon the rationale expressed herein, we affirm.

Only the facts necessary to disposition of appellant's points of error will be discussed. During the hearing on the State's motions to proceed with adjudications of guilt and to revoke community supervision the prosecutor orally requested that the trial court proceed with the punishment phase immediately following presentation of the evidence on its motions. Defense counsel objected based on lack of notice and also alleged due process violations. The objection was overruled and following the trial court's ruling on the adjudications and revocation, the punishment phase commenced. Following his convictions, appellant filed motions for new trial in all three causes alleging his due process rights were violated because he was not prepared for the punishment phase and did not receive proper notice. By the motions, appellant did not allege what evidence, if any, he would have presented during punishment had he known the trial court would have

2

immediately proceeded to the punishment phase following its ruling adjudicating him guilty in two of the causes and revoking his community supervision in the third.

By his two points, appellant argues the prosecutor's oral request to "bifurcate" the proceeding, which she conceded is something "we normally don't do" violated his due process by denying him a proper punishment hearing. We disagree. Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides "[a]fter an adjudication of guilt, all proceedings, *including assessment of punishment* . . . continue as if the adjudication of guilt had not been deferred." (Emphasis added). Article 42.12, section 23(a) provides "[i]f community supervision is revoked after a hearing . . . the judge may proceed to dispose of the case as if there had been no community supervision . . . ." Appellant does not reference any authority and we have found none requiring notice to a defendant when the punishment phase is to commence following the trial court's ruling.[1]

A defendant is entitled to a punishment hearing following the adjudication of guilt or revocation of community supervision and must be allowed an opportunity to present evidence. Issa v. State 826 S.W.2d 159, 161 (Tex.Cr.App. 1992); *see generally* McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. [Panel Op.] 1978) (holding that only one

---

[1]Although article 37.07(g) of the Texas Code of Criminal Procedure requires notice of intent to introduce extraneous offenses upon a defendant's timely request, the record herein reflects that the State did not intend to introduce any evidence of extraneous offenses and that no request was made by appellant.

hearing is necessary to afford a defendant due process of law and that once the trial court enters an adjudication of guilt, it can immediately proceed with assessment of punishment).

In the instant case, after the State's punishment evidence was presented, defense counsel announced he had no questions, and following the State's announcement that it was resting, defense counsel also rested. He did not request a continuance nor allege in the motions for new trial what mitigating punishment evidence, if any, he would have presented. *Issa* left no doubt that after the adjudication or revocation portion of a hearing, "the court must then conduct a second phase to determine punishment." *See* Lopez v. State, 96 S.W.3d 406, 411 (Tex.App.–Austin 2002, pet. ref'd), citing *Issa*, 826 S.W.2d at 161. We conclude the trial court did not err in proceeding to the punishment phase of the hearing following its ruling to adjudicate appellant guilty in two causes and revoke his community supervision in the third, and that appellant's due process rights were not violated. Points of error one and two are overruled.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.

4