Affirmed and Memorandum Opinion filed January 27, 2004














Affirmed and
Memorandum Opinion filed January 27, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00255-CR

_______________

 

JOSE GONZALEZ GUERRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 253rd
District Court

Chambers County, Texas

Trial Court Cause No. 11938

___________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Jose Gonzalez Guerra appeals a
conviction for indecency with a child[1] on the
grounds that: (1) the evidence was insufficient to prove the child was not his
spouse; and (2) the trial court erred in not conducting a separate punishment
hearing.  We affirm.

            Appellant’s first issue argues that
the evidence was insufficient to prove that the child was not his spouse.  However, a defendant, such as appellant, who
is placed on deferred adjudication community supervision
may raise issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when the deferred adjudication community
supervision is first imposed.  Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).  In
this case, because appellant failed to challenge the sufficiency of the
evidence in an appeal from his deferred adjudication, we are without
jurisdiction to address it in this proceeding. 
Accordingly, appellant’s first issue is dismissed.

            Appellant’s second issue argues that
the trial court erred in failing to conduct a separate punishment hearing.  See
Tex. Code Crim. Proc. arts.
37.07 § 3(a)(1), 42.12 § 5(b) (Vernon. Supp. 2004); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). 
However, the right to such a hearing is statutory and may be waived by
failing to raise it in the trial court by request, objection, or motion for new
trial.  Vidaurri v. State, 49 S.W.3d 880, 885-86 (Tex. Crim. App. 2001).  In this case, because appellant did not so apprise the trial court of any desire to present punishment
evidence, this issue presents nothing for our review.  Accordingly, appellant’s second issue is overruled,
and the judgment of the trial court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 27, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 











[1]           Appellant pled no contest, and the
trial court placed him on deferred adjudication community supervision for ten
years.  The trial court later granted the
State’s motion to revoke the deferred adjudication, adjudicated guilt, and
sentenced appellant to fifteen years’ confinement.