In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00248-CR
______________________________


LAURENCE DAVID JOHNSON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F12961


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Laurence David Johnson appeals his thirty-year sentence for possessing, with intent to
deliver, more than four grams, but less than 200 grams, of cocaine. See Tex. Health & Safety
Code Ann. Â§Â 481.113(a),(d) (Vernon 2003). Pursuant to a negotiated plea agreement, Johnson pled
guilty and was placed on deferred adjudication community supervision.


 After violating terms of
his community supervision, Johnson was adjudicated guilty and sentenced. Johnson contends the
trial court erred by failing to hold a separate hearing on punishment following the court's decision
to adjudicate his guilt. We affirm the trial court's judgment because Johnson failed to preserve this
issue for appellate review.
Â Â Â Â Â Â Â Â Â Â Â Â In his brief on appeal, Johnson correctly states that a separate punishment hearing is required
after the trial court decides to adjudicate a defendant's guilt. See Issa v. State, 826 S.W.2d 159 (Tex.
Crim. App. 1992). If the trial court does not conduct a separate hearing, it errs. Id. Error, however,
is preserved only if the defendant brings the error to the trial court's attention. Tex. R. App. P.
33.1(a)(1); Issa, 826 S.W.2d at 161. If the defendant does not object at trial, but files a motion for
new trial in which he or she then objects to the trial court's error, the error is preserved for appellate
review. Issa, 826 S.W.2d at 161.
Â Â Â Â Â Â Â Â Â Â Â Â In this case, Johnson did not object or otherwise raise this issue during the hearing on the
State's motion to adjudicate guilt or in his motion for new trial. Accordingly, nothing has been
preserved for appellate review. See Tex. R. App. P. 33.1.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â August 11, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 12, 2004

Do Not Publish




ses.
Because the property was classified as joint management community property, it was subject to
Telly's liabilities incurred before or during marriage. See Tex. Fam. Code Ann. § 3.202. 

 Cadle requested, and the trial court awarded, attorney's fees based on Section 37.009 of the
Texas Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 37.009 (Vernon
2008). Once a right to attorney's fees is established, the award may include fees for a subsequent
appeal. Cap Rock Elec. Co-op., Inc. v. Tex. Utils. Elec. Co., 874 S.W.2d 92, 102 (Tex. App.--El
Paso 1994, no writ). The trial court awarded appellate attorney's fees to Cadle based on an
uncontested affidavit evidencing the reasonableness of such fees. See Neal v. SMC Corp., 99 S.W.3d
813 (Tex. App.--Dallas 2003, no pet.). We are authorized to affirm the conditional award to Cadle
of $10,000.00 in appellate attorney's fees. See Ganim v. Cotton USA, L.P., No. 14-07-00835-CV,
2008 WL 4379605, at *3 (Tex. App.--Houston [14th Dist.] July 10, 2008, no pet.) (mem. op.);
Mem'l City Gen. Hosp. Corp. v. Cintas Corp., No. 81, 679 S.W.2d 133, 139 (Tex. App.--Houston
[14th Dist.] 1984, no writ). 

IV. Conclusion 

 We affirm the trial court's summary judgment in all respects. 



 Bailey C. Moseley

 Justice


Date Submitted: March 11, 2009

Date Decided: March 12, 2009
1. The fact that Telly exercised control over the property is bolstered by the evidence of his
attempt to exempt the nonhomestead property during his bankruptcy. If the property was under
Gloria's sole management and control, it would not have been subject to Telly's nontortious
liabilities. SeeÂ Tex. Fam. Code Ann. Â§ 3.202.
2. Cadle cites us to cases reciting the proposition that "debts contracted during the marriage
are presumed to be on the credit of the community and thus are joint community obligations, unless
it is shown the creditor agreed to look solely to the separate estate of the contracting spouse for
satisfaction." Kimsey v. Kimsey, 965 S.W.2d 690, 702 (Tex. App.--El Paso 1998, pet. denied)
(citing Cockerham, 527 S.W.2d at 171); see also Tex. Fam. Code Ann. Â§ 3.104 (Vernon 2006). We
need not address these cases. While there is no question that the judgment lien against Telly was
entered while the Millers were married, nothing in the record establishes that Telly was married
when he entered into the debt with Guaranty other than a statement made in a supporting affidavit
filed by Cadle that Telly "at all material times has been married to Gloria." Further, there is no
evidence suggesting why the original debt was incurred.