COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-300-CR

 

 

BRANDON PAUL JOHNS                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Appellant Brandon Paul Johns
appeals his two-year sentence for the third degree felony offense of injury to
a child.  In one issue, appellant argues
that the trial court erred when it failed to hold a separate punishment hearing
after adjudicating him guilty based on his failure to comply with the
conditions of his deferred adjudication community supervision.  We affirm.

Background Facts

On August 28, 2003, appellant
entered into a plea bargain agreement and received deferred adjudication
community supervision for the offense of injury to a child.  On July 12, 2005, the State filed a Petition
to Proceed to Adjudication alleging that appellant had violated the conditions
of his community supervision by failing to report to his probation officer in
February, March, April, and May of 2005 and by failing to complete anger
control counseling.  The State then filed
a First Amended Petition to Proceed to Adjudication on August 16, 2005, which
added June and July to the months that appellant had failed to report to his
probation officer. 








On October 28, 2005,
appellant pled true to Paragraphs One and Two of the First Amended Petition to
Proceed to Adjudication, and the trial court accepted his plea, but the trial
court continued the proceedings until a presentence investigation report (PSI)
could be completed.  On August 17, 2006,
the trial court reconvened the proceedings. 
The trial judge began by questioning appellant about his plea of true to
Paragraphs One and Two of the State=s First Amended Petition to Proceed with Adjudication.  Appellant stated that he understood that he
had pled true and that the reason he was back in court was because the PSI
report had been completed. 

The State rested after the
court took judicial notice of the PSI. 
The defense then called several witnesses, including appellant and
appellant=s
fiancee.  Appellant testified that he had
taken some unprescribed Vicodin for his back, which left traces of morphine on
his drug test.  Appellant also stated
that he had three sessions remaining until his anger control classes were
completed.  In addition, appellant testified
that he was employed and had paid all of his community service fees.  After both sides closed, the trial court
adjudicated appellant guilty of the offense of injury to a child, the offense
for which he had been placed on deferred adjudication community
supervision.  The trial judge then
stated,

Our
law does provide for a separate hearing with respect to the issue of
punishment.  Is there anything else to be
presented from either side on the issue of punishment at this time? 

 

Appellant=s counsel replied, ANo, I don=t have
anything, I think, that would be different than the testimony we have.@  The trial judge continued and
asked appellant, A[I]s there
any legal reason why you should not be sentenced at this time?@  Appellant responded, AThere is not, Your Honor.@ 








The trial court sentenced
appellant to two years= confinement
in the Institutional Division of the Texas Department of Criminal Justice. Appellant
timely filed a motion for new trial and a notice of appeal. 

Applicable Law

Appellant contends that the
trial court erred when it failed to hold a separate punishment hearing after
adjudicating him guilty. 

When a trial court finds that
an accused has committed a violation as alleged by the State and adjudicates a
previously deferred finding of guilt, the court must then conduct a second
phase to determine punishment.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007); Issa v. State, 826 S.W.2d 159,
161 (Tex. Crim. App. 1992).  Thus, a
defendant is entitled to a punishment hearing after the adjudication of guilt,
and the trial judge must allow the accused the opportunity to present
evidence.  See Viduarri v. State, 49
S.W.3d 880, 886 (Tex. Crim. App. 2001); Issa, 826 S.W.2d at 161.  But a separate punishment hearing is a
statutory right that can be waived by failing to preserve error in accordance
with Texas Rule of Appellate Procedure 33.1. 
See Viduarri, 49 S.W.3d at 886; Issa, 826 S.W.2d at 161.

Analysis








Here, appellant does not
allege that the trial judge refused to allow him the opportunity to present
additional evidence related to punishment. 
After the close of the evidence, the trial court specifically informed
appellant of his right to a separate punishment hearing and asked appellant if
he wanted to present any more evidence on the issue of punishment.  Appellant affirmatively declined the
opportunity.  In closing, appellant=s counsel went on to urge the trial court to impose a lenient sentence
in light of appellant=s recent
efforts to comply with the conditions of his community supervision, such as paying
all his current fees and reporting to his probation officer. 

Because the trial court
afforded appellant the opportunity to present evidence on mitigation of
punishment and appellant affirmatively declined the opportunity, we hold that
the trial court did not err by failing to hold a separate hearing on
punishment. See Viduarri, 49 S.W.3d at 886; Issa, 826 S.W.2d at
161. We overrule appellant=s sole issue.

Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 20, 2007











[1]See Tex. R. App. P. 47.4.