COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-300-CR

BRANDON PAUL JOHNS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Brandon Paul Johns appeals his two-year sentence for the third degree felony offense of injury to a child.  In one issue, appellant argues that the trial court erred when it failed to hold a separate punishment hearing after adjudicating him guilty based on his failure to comply with the conditions of his deferred adjudication community supervision.  We affirm.

Background Facts

On August 28, 2003, appellant entered into a plea bargain agreement and received deferred adjudication community supervision for the offense of injury to a child.  On July 12, 2005, the State filed a Petition to Proceed to Adjudication alleging that appellant had violated the conditions of his community supervision by failing to report to his probation officer in February, March, April, and May of 2005 and by failing to complete anger control counseling.  The State then filed a First Amended Petition to Proceed to Adjudication on August 16, 2005, which added June and July to the months that appellant had failed to report to his probation officer. 

On October 28, 2005, appellant pled true to Paragraphs One and Two of the First Amended Petition to Proceed to Adjudication, and the trial court accepted his plea, but the trial court continued the proceedings until a presentence investigation report (PSI) could be completed.  On August 17, 2006, the trial court reconvened the proceedings.  The trial judge began by questioning appellant about his plea of true to Paragraphs One and Two of the State’s First Amended Petition to Proceed with Adjudication.  Appellant stated that he understood that he had pled true and that the reason he was back in court was because the PSI report had been completed. 

The State rested after the court took judicial notice of the PSI.  The defense then called several witnesses, including appellant and appellant’s fiancee.  Appellant testified that he had taken some unprescribed Vicodin for his back, which left traces of morphine on his drug test.  Appellant also stated that he had three sessions remaining until his anger control classes were completed.  In addition, appellant testified that he was employed and had paid all of his community service fees.  After both sides closed, the trial court adjudicated appellant guilty of the offense of injury to a child, the offense for which he had been placed on deferred adjudication community supervision.  The trial judge then stated,

Our law does provide for a separate hearing with respect to the issue of punishment.  Is there anything else to be presented from either side on the issue of punishment at this time? 

Appellant’s counsel replied, “No, I don’t have anything, I think, that would be different than the testimony we have.”  The trial judge continued and asked appellant, “[I]s there any legal reason why you should not be sentenced at this time?”  Appellant responded, “There is not, Your Honor.” 

The trial court sentenced appellant to two years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a motion for new trial and a notice of appeal. 

Applicable Law

Appellant contends that the trial court erred when it failed to hold a separate punishment hearing after adjudicating him guilty. 

When a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2007); 
Issa v. State, 
826 S.W.2d 159, 161 (Tex. Crim. App. 1992).  Thus, a defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused 
the opportunity 
to present evidence. 
 See Viduarri v. State, 
49 S.W.3d 880, 886 (Tex. Crim. App. 2001)
; Issa, 
826 S.W.2d at 161
. 
 But a separate punishment hearing is a statutory right that can be waived by failing to preserve error in accordance with Texas Rule of Appellate Procedure 33.1.  
See Viduarri, 
49 S.W.3d at 886
; Issa, 
826 S.W.2d at 161
.

Analysis

Here, appellant does not allege that the trial judge refused to allow him the opportunity to present additional evidence related to punishment.  After the close of the evidence, the trial court specifically informed appellant of his right to a separate punishment hearing and asked appellant if he wanted to present any more evidence on the issue of punishment.  Appellant affirmatively declined the opportunity.  In closing, appellant’s counsel went on to urge the trial court to impose a lenient sentence in light of appellant’s recent efforts to comply with the conditions of his community supervision, such as paying all his current fees and reporting to his probation officer. 

Because the trial court afforded appellant the opportunity to present evidence on mitigation of punishment and appellant affirmatively declined the opportunity, we hold that the trial court did not err by failing to hold a separate hearing on punishment. 
See Viduarri, 
49 S.W.3d at 886
; Issa, 
826 S.W.2d at 161
.
 We overrule appellant’s sole issue.

Conclusion

Having overruled appellant’s sole issue, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 20, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.