Opinion issued May 15, 2008














 


In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00986-CR






JAMES DOUGLAS CROWDER, Appellant


v.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1059456






MEMORANDUM OPINION


 Appellant, James Douglas Crowder, pleaded guilty to the third-degree felony
offense of assault-family violence (1) and was placed on three years' deferred
adjudication community supervision. The State later filed a motion to adjudicate
guilt, alleging that appellant had violated the terms of his community supervision by
intentionally and knowingly causing bodily injury to Helen Golstoff on April 26,
2007. Appellant pleaded "not true" to the allegations. The trial court conducted a
hearing on the State's motion at which it found the allegations in the motion to be
true, adjudicated appellant's guilt, and sentenced him to five years in prison. 

 In two points of error, appellant challenges the trial court's judgment by
contending that the trial court abused its discretion when it denied his request for a
continuance and by asserting that the trial court erred when it assessed appellant's
punishment following the adjudication hearing without holding a separate punishment
hearing. 

 We affirm. 

Motion for Continuance


 In his first point of error, appellant challenges the trial court's denial of his
motion for continuance. 

 The trial court held the adjudication hearing on November 7, 2007. At the
beginning of the hearing, appellant orally moved for a continuance. In support of his
request, appellant explained that he had unsuccessfully attempted to serve a subpoena
on a witness, Bob Hazel, the day before the hearing. Appellant stated that Hazel had
witnessed the incident, which was the basis for the State's motion to adjudicate. 
Appellant requested a continuance "to track [Hazel] down." Appellant contended that
Hazel was "very crucial to his defense." 

 The trial court asked how long the motion to adjudicate had been pending on
the docket. The State informed the trial court that the motion to adjudicate was filed
on May 2, 2007. The trial court then denied the oral motion for continuance and the
hearing proceeded. 

 We review the trial court's denial of a motion for continuance for abuse of
discretion. See Ross v. State, 133 S.W.3d 618, 629 (Tex. Crim. App. 2004). To
preserve error, a motion for continuance must be sworn and in writing. Dewberry v.
State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). Because his motion for a
continuance was not written and not sworn, appellant failed to preserve his complaint
for our review. See id. at 756. 

 Moreover, the Code of Criminal Procedure requires a motion for continuance
based on the absence of a witness to show that the moving party has exercised
diligence to procure the witness's attendance. Tex. Code Crim. Proc. Ann. art.
29.06(2) (Vernon 2006). The requirement includes not only a need to demonstrate
diligence in procuring the witness's presence, "but also diligence as reflected in the
timeliness with which the motion for continuance was presented." Dewberry, 4
S.W.3d at 756. In Dewberry, the court held that the appellant had failed to meet the
diligence requirement when he requested a continuance after the start of trial. Id.; see
Kelly v. State, 471 S.W.2d 65, 66 (Tex. Crim. App. 1971) (holding that motion for
continuance filed on day of trial failed to show required diligence).

 Here, appellant failed to show the required diligence in procuring Hazel's
attendance at the adjudication hearing. The oral motion for continuance was made
on the day of the hearing. Appellant had over six months from the filing of the
motion to adjudicate until the hearing to locate Hazel. It was within the trial court's
discretion to have concluded that appellant did not meet the timeliness requirement. 
Even if we assume that appellant preserved his complaint, we hold that the trial court
did not abuse its discretion by denying the motion for continuance.

 We overrule appellant's first point of error.

Punishment Evidence


 In his second point of error, appellant contends that "[t]he trial court erred in
assessing punishment following the adjudication hearing without holding a separate
punishment hearing." 

 When a trial court adjudicates an offense for which the defendant had received
deferred adjudication, the court must afford the defendant an opportunity to present
punishment evidence. See Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App.
1992). Although a defendant is entitled to present punishment evidence, such right
is a statutory one that can be waived. See Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.
Crim. App. 2001) (citing Issa, 826 S.W.2d at 161). To successfully complain on
appeal that he was denied the opportunity to present punishment evidence, a
defendant must first make an objection in the trial court or, if there was no
opportunity to object, timely file a motion for new trial. See id. 

 Here, appellant neither objected in the trial nor filed a motion for new trial. 
Appellant acknowledges that he did not object to his inability to present punishment
evidence at the time of sentencing, but contends that the trial court sentenced him
immediately after adjudicating guilt, leaving no time for him to object. Even
assuming that he was denied the opportunity to object, appellant was, nonetheless,
required to file timely a motion for new trial to preserve his punishment complaint on
appeal. See id. Because he did not file a motion for new trial, appellant has waived
his right to complain on appeal that he was denied the right to present punishment
evidence. See id.

 We overrule appellant's second point of error. 


Conclusion


 We affirm the judgment of the trial court.





 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2007).