Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00225-CR

                                                    __________

 

                                    FERNANDO ANDUJO, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. A-33,388

 



 

                                             M
E M O R A N D U M   O P I N I O N

This
is an appeal from a judgment adjudicating Fernando Andujo guilty of robbery. 
We affirm.








Originally,
appellant entered a plea of guilty.  Pursuant to the plea bargain agreement,
the trial court deferred his adjudication of guilt, placed appellant on
community supervision for ten years, and assessed a $2,500 fine.  At the
hearing on the State=s
motion to adjudicate, appellant entered pleas of true to six of the State=s seven allegations.  The
trial court found that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, adjudicated his guilt, and
imposed a sentence of confinement for twenty years.  An appeal was not
perfected.  Appellant filed an application for a writ of habeas corpus pursuant
to Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon Supp. 2008) on the grounds that his court-appointed trial
counsel provided ineffective assistance by failing to perfect an appeal.  The
Court of Criminal Appeals granted appellant an out-of-time appeal and returned
him to Athat time at
which he may give a written notice of appeal so that he may then, with the aid
of counsel, obtain a meaningful appeal.@ 
Ex parte Andujo, No. AP-75960, 2008 WL 2673712 (Tex. Crim. App. July 2,
2008) (orig. proceeding).  Appellant then perfected this appeal.

In
his sole issue on appeal, appellant contends that the trial court erred when it
Aimmediately sentenced
[him]@ after
adjudicating his guilt and, thereby, denied him Aany
opportunity to be heard on the issue of punishment.@  Appellant correctly cites Issa v. State,
826 S.W.2d 159 (Tex. Crim. App. 1992), for the proposition that a separate
hearing on punishment should be conducted after the adjudication of guilt. 
Appellant acknowledges that in Issa error was preserved through the
filing of a motion for new trial.  Appellant asks this court to extend the
holding in Issa to the facts of his case where neither an objection was
made nor a motion for new trial was filed raising the failure to conduct a
separate hearing on punishment.  Appellant contends that Afundamental fairness@ demands that this court do
so.  We disagree.

Appellant=s contentions have not been
preserved for appellate review.  Tex. R.
App. P. 33.1.  In his application for writ of habeas corpus, appellant
only raised his trial counsel=s
effectiveness concerning  the perfection of an appeal.  The Court of Criminal
Appeals granted his application and returned him to the point where he could
perfect an appeal.  Nothing in the Court of Criminal Appeals=s opinion or action
preserves this particular complaint of appeal.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

May 21, 2009                                                                          CHIEF
JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.