**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00225-CR

_____

**FERNANDO ANDUJO, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-33,388**

**M E M O R A N D U M   O P I N I O N**

This is an appeal from a judgment adjudicating Fernando Andujo guilty of robbery. We affirm.

Originally, appellant entered a plea of guilty. Pursuant to the plea bargain agreement, the trial court deferred his adjudication of guilt, placed appellant on community supervision for ten years, and assessed a $2,500 fine. At the hearing on the State's motion to adjudicate, appellant entered pleas of true to six of the State's seven allegations. The trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated

his guilt, and imposed a sentence of confinement for twenty years. An appeal was not perfected. Appellant filed an application for a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008) on the grounds that his court-appointed trial counsel provided ineffective assistance by failing to perfect an appeal. The Court of Criminal Appeals granted appellant an out-of-time appeal and returned him to "that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal." *Ex parte Andujo*, No. AP-75960, 2008 WL 2673712 (Tex. Crim. App. July 2, 2008) (orig. proceeding). Appellant then perfected this appeal.

In his sole issue on appeal, appellant contends that the trial court erred when it "immediately sentenced [him]" after adjudicating his guilt and, thereby, denied him "any opportunity to be heard on the issue of punishment." Appellant correctly cites *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992), for the proposition that a separate hearing on punishment should be conducted after the adjudication of guilt. Appellant acknowledges that in *Issa* error was preserved through the filing of a motion for new trial. Appellant asks this court to extend the holding in *Issa* to the facts of his case where neither an objection was made nor a motion for new trial was filed raising the failure to conduct a separate hearing on punishment. Appellant contends that "fundamental fairness" demands that this court do so. We disagree.

Appellant's contentions have not been preserved for appellate review. TEX. R. APP. P. 33.1. In his application for writ of habeas corpus, appellant only raised his trial counsel's effectiveness concerning the perfection of an appeal. The Court of Criminal Appeals granted his application and returned him to the point where he could perfect an appeal. Nothing in the Court of Criminal Appeals's opinion or action preserves this particular complaint of appeal. The issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

May 21, 2009                                                          CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2