ACCEPTED
06-15-00036-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/20/2015 2:01:04 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/20/2015 2:01:04 PM

DEBBIE AUTREY
Clerk

No. 06-15-00036-CR

# IN THE SIXTH DISTRICT COURT OF APPEALS
## AT TEXARKANA, TEXAS

**QUINTON JACKSON**
                                        Appellant,


v.


**THE STATE OF TEXAS**


**Appealed from the 124th District Court**
**Gregg County, Texas**


## BRIEF OF THE APPELLANT


**Clement Dunn**
**State Bar No. 06249300**
**140 East Tyler, Suite 240**
**Longview, Texas 75601**
**Telephone: 903-753-7071**
**Fax: 903-753-8783**


## ORAL ARGUMENT WAIVED

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.  Appellant:     Quinton Jackson

2.  Appellant's Trial Counsel:     Richard Hurlburt
    Attorney at Law
    222 North Fredonia St.
    Longview, TX 75601
    TSB No. 10308600

3.  Appellant's Counsel on Appeal:     Clement Dunn
    Attorney at Law
    140 E. Tyler Street, Suite 240
    Longview, TX 75601
    TSB No. 06249300

4.  Attorney for the State:     Zan Brown
    Assistant District Attorney, Gregg County
    101 East Methvin St., Suite 333
    Longview, Texas 75601
    TSB No. 03205900

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  I

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

**INDEX OF AUTHORITIES**

**Cases**

*Issa v. State*, 826 S.W. 2d 159, 161 (Tex. Crim. App. 1992)........................... 4

**Constitutional Provisions**

Article 1, Section 10;  Texas Constitution..................................... 3

Fourteenth Amendment to The United States Constitution........................... 3

Article 42.12, Sec. 3d(b), V.A.C.C.P. (1988). ................................. 4

Article 42.12, Sec. 5(b), V.A.C.C.P. (1990). ................................. 4

**STATEMENT OF THE CASE**

Offense:        Injury to a Child.

Verdict:        Guilty; Ten (10) years confinement - Texas Department of Criminal Justice - Institutional Division

Date of Verdict:        November 24, 2014

Trial Court:    124th District Court, Gregg County, Texas.

This case involves a criminal prosecution for Injury to a Child. C.R., 58; R.R. 4, at 8. Based on the Appellant's plea of guilty, the District Court had initially imposed a sentence of ten years' imprisonment, probated for seven years. R.R. 3, at 10. Subsequently, however, the Court granted the Appellant's Motion for New Trial, and instead placed the Appellant on a deferred adjudication community supervision for a period of ten years. C.R., at 68; R.R. 4, at 4-5. This appeal arises from the District Court's adjudication of the Appellant's guilt, and imposition of a sentence of ten years' confinement. R.R. 5, at 102.

**STATEMENT REGARDING ORAL ARGUMENT**

Believing the instant case contains issues capable of resolution on the basis of record the Appellant respectfully does not request oral argument.

**ISSUE PRESENTED**

The Appellant respectfully submits that the District Court erred in failing to hold a separate hearing on punishment following the decision to adjudicate guilt.

**STATEMENT OF THE FACTS**

Since this appeal arises from procedural aspects of the case, the Appellant respectfully submits that this renders a review of the underlying facts of the offense itself, as well as the initial procedural history, unnecessary. Instead, the pertinent facts of the record entail the hearing on the State's Application for Adjudication of Guilt. C.R., at 80; 86 (State's First Amended Application for Adjudication of Guilt). At the conclusion of this hearing, the Appellant's counsel argued against the adjudication of guilt: "Judge, I would ask the Court to find the new violations 'not true' based on the fact I don't believe the State has proved by a preponderance of the evidence that the new violations occurred." R.R. 5, at 96. Though he conceded the Appellant had pled "true" to come of the "other" violations (id.), the Appellant's counsel concluded:

> So we'd ask the Court to find the new offense "not true," modify the probation to whatever the Court deems fit, We would just ask that he not be revoked and sent to prison.

Id., at 97.

Next the State argued that the Appellant "deserves to be revoked." Id., at 99. In arguing for revocations, the State re-emphasized: "So the State's asking him to be revoked because he's earned it." Id. The record reflects no argument or discussion by the State regarding what the punishment should be in th event of revocation.

Finally, the District Court expressed concerns about the Appellant's conduct, and then concluded:

> I adjudicate you guilty. I sentence you to 10 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

R.R. 5, at 102.

## SUMMARY OF THE ARGUMENT

The District Court erred in failing to hold separate hearings, first on the adjudication of the Appellant's guilt and, second, on the disposition in the event of adjudication.

## ARGUMENT

The record reflects that the District Court held a hearing on the State's Application for Adjudication of Guilt (see C.R., at 80; 86) on November 24, 2014. R.R. 5. The hearing concluded on that date. Id. The District Court held no further hearings regarding the adjudication or disposition.

As noted above (see Statement of Facts, supra), at the end of that hearing the Court simultaneously adjudicated the Appellant guilty and sentenced him to ten years' confinement. R.R. 5, at 102. Immediately prior to that, both the Appellant's counsel and the prosecution representing the State had presented arguments that focused entirely upon whether or not the Appellant's community supervision should be revoked. The State did not recommend a particular sentence in the event of adjudication. Similarly, in asking that the Appellant's community supervision not be adjudicated, the counsel for the Appellant made no mention of what an appropriate sentence, or outcome, might be if the Court did adjudicate the Appellant guilty.

Because the Court sentenced the Appellant to prison immediately upon adjudicating him guilty, the Appellant had no opportunity to present evidence on the issue of sentencing. This violates the Appellant's right to Due Process under the Fourteenth Amendment to the United States Constitution and Due Course of Law under Article 1, Section 10, of the Texas

Constitution. In <u>Issa v. State</u>, 826 S.W. 2d 159, 161 (Tex. Crim. App. 1992), the Court held:

> Today we hold that when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment. As Art. 42.12, Sec. 3d(b), V.A.C.C.P. (1988), provides, "(a)fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." See now Art. 42.12, Sec. 5(b), V.A.C.C.P. (1990). Thus, based upon the statute, the defendant is entitled to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence.

In the instant case, the record reflects that the District Court held but one hearing; no hearing on punishment occurred, as is required both statutorily and constitutionally.

The Appellant respectfully notes that in the instant case his counsel made no objections to this violation. Similarly in <u>Issa</u>, however, trial counsel also failed to object. <u>Id</u>. In a manner almost identical to the instant case, the trial court in <u>Issa</u> adjudicated the appellant guilty and sentenced him to confinement for ten years "in one proclamation." <u>Id</u>. Under these circumstances, the Court in <u>Issa</u> held that the "appellant had no opportunity to object to the trial court's action until after that action was taken." <u>Id</u>. The failure of the Appellant's trial counsel to object in the instant case arose under the same circumstances presented in <u>Issa</u> and should be viewed, and excused, in the same light.

## PRAYER

The Appellant respectfully requests this case be reversed and remanded to the District Court for a hearing on punishment.

Respectfully submitted,

BRIEF OF APPELLANT, QUINTON

__/s/ Clement Dunn_____

140 East Tyler Street, Suite 240

Longview, Texas 75601

(903) 753-7071 Fax: 903-753-8783

State Bar No. 06249300

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this brief was delivered to the Gregg County District Attorney's Office, Longview, Texas on this 20th day of July 2015.

__/s/ Clement Dunn_____

## CERTIFICATE OF WORD COUNT

I hereby certify that a total of1362 words are included in this brief.

__/s/ Clement Dunn_____

BRIEF OF APPELLANT, QUINTON