

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00254-CR

---

SALVADOR PAUL HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 3672, Honorable Gordon H. Green, Presiding

---

February 2, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Salvador Paul Herrera appeals from the trial court's adjudication of his guilt, revocation of his community supervision, and pronouncement of sentence. Through his sole issue, he contends the trial court erred in failing to hold a separate punishment hearing. We affirm.

***Background***

In 2019, appellant was placed on deferred adjudication community supervision following his plea of guilty. In 2023, the State filed a motion to adjudicate his guilt and

revoke his community supervision. At the hearing, appellant pleaded "true" to eight of the nine allegations. After hearing evidence and arguments of the parties, the court found the allegations to be "true" and adjudicated him guilty of injury to a child. The court then recessed to review the pre-sentence investigation report. Appellant was then asked if he had "any legal reason as to why sentence should not be imposed at this time," at which point the court was told "no legal reason."

*Analysis*

Through his sole issue on appeal, appellant argues the trial court committed reversible error when it failed to conduct a separate punishment hearing to allow him to present mitigating evidence. We find appellant failed to preserve this issue for our review and overrule it.

Appellant cites *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) to support his position. There, the Court held that "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment." *Id.* (discussing former article 42.12, section 3d(b) that has since been repealed).

Unlike in *Issa*, the appellant here failed to object to the purported absence of a separate punishment hearing. He did so neither at the time of sentencing, despite being afforded the chance to do so, nor through his motion for new trial. Thus, his particular complaint went unpreserved for review. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (requiring preservation of a complaint about the absence of a separate punishment hearing through contemporaneous objection or a motion for new trial);

2

*Salinas v. State*, No. 07-10-0191-CR, 2011 Tex. App. LEXIS 1674, at *2 (Tex. App.—

Amarillo Mar. 8, 2011, no pet.) (mem. op., not designated for publication) (same).

We affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.