Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00132-CR

                                                    __________

 

                             CHARLES WILLIAM MINGLE, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 92106

 



 

                                             M
E M O R A N D U M   O P I N I O N








This
is an appeal from a judgment adjudicating guilt.  Charles William Mingle
originally entered a plea of guilty to the offense of injury to a child. 
Pursuant to the plea bargain agreement, the trial court deferred the
adjudication of his guilt, placed him on community supervision for six years,
and assessed a $500 fine.  At the hearing on the State=s motion to adjudicate, appellant entered a
plea of true to one of the State=s
allegations.  The State presented three witnesses, and appellant presented four
as well as testifying in his own behalf.  At the conclusion of the hearing, the
trial court found that appellant had violated the terms and conditions of his
community supervision, revoked the community supervision, adjudicated appellant=s guilt, and imposed a
sentence of confinement for fifteen years.  We affirm.

We
note that the hearing on the State=s
motion to adjudicate was conducted prior to the June 15, 2007 effective
date of the amendment to Tex. Code Crim.
Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2007) allowing an appeal from the determination to
adjudicate.  Therefore, former Tex. Code
Crim. Proc. art. 42.12, '
5(b) (1999) and its prohibition concerning appeals from the determination to
proceed with the adjudication of guilt apply.[1] Davis v. State, 195 S.W.3d 708, 709
(Tex. Crim. App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex.
Crim. App. 2006); Hogans v. State, 176 S.W.3d 829, 831 (Tex. Crim. App.
2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko
v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992).

Appellant=s court-appointed counsel
has filed a brief arguing four issues.  Each issue addresses potential errors
occurring after the adjudication of guilt.  Under the law applicable to this
case, these issues are properly before the court.

In
the first two issues, appellant argues that the trial court committed
reversible error by failing to make a sufficient record of the admonishments
given to appellant when he exercised his right to self-representation at the
beginning of this appeal.  We disagree.

The
record reflects that appellant was represented by retained counsel in the trial
court.  The sentence was imposed in open court on March 23, 2007.   The record
reflects that  on April 16, 2007, the trial court admonished appellant
concerning his right to self-representation and that appellant chose to proceed
pro se.  On June 11, 2007, upon appellant=s
request, the trial court appointed counsel to represent appellant in this
appeal.  The reporter=s
record was filed in this court on August 10, 2007.  Appellant=s brief B prepared by his
court-appointed counsel B
was filed in this court on April 17, 2008.








The
record before this court does not support appellant=s contentions.  The record reflects that the
trial court admonished appellant.  Assuming without deciding that the record
was in some way not properly developed, as appellant claims, we note that any
possible error would not be reversible.  Tex.
R. App. P. 44.2.  The record affirmatively reflects that appellant has
had the active representation of counsel for the majority of the time that his
appeal has been pending.  Counsel has diligently researched, prepared, and
filed a brief on his behalf.  We determine beyond a reasonable doubt that
appellant has not been harmed.  The first two issues are overruled.

In
his next two issues, appellant contends that the trial court erred by
proceeding to the punishment phase of the hearing immediately after
adjudicating appellant=s
guilt.  Appellant argues that he was not able to present mitigating evidence.

Appellant
correctly points out that defendants are entitled to a hearing on punishment
separate from the hearing on the decision to adjudicate.  However, this is a
statutory right conveyed under Article 42.12, section 5(b) and can be waived
absent a timely objection or complaint in a motion for new trial.  Vidaurri
v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); Issa v. State,
826 S.W.2d 159, 160-61 (Tex. Crim. App. 1992).  Appellant did not object when
the trial court adjudicated guilt and then proceeded into the punishment phase
of the hearing.  Likewise, appellant raised no complaint about the procedure in
the trial court in his eight-page motion for new trial.  Therefore, appellant
has failed to preserve his complaint for appellate review.  Tex. R. App. P. 33.1.  The third and
fourth issues are overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

August 7, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Article 42.12, section 5(b) provided:

On violation of a condition of
community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this
article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination (emphasis added).