

# IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00311-CR

**SHELLEY CANON,**[1]

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court No. 43821CR**

---

## MEMORANDUM OPINION

---

Shelley Canon appeals the trial court's revocation of her community supervision.

In her sole issue, Canon contends that the trial court erred in failing to conduct a separate

---

[1] The judgment revoking community supervision and several other documents filed in this case indicate that the appellant's last name is spelled "Cannon"; however, the indictment, the original judgment of conviction, and many other documents filed in this case, including a letter filed in the trial court by the appellant herself, indicate that her last name is spelled "Canon."  When the appellant testified at the revocation hearing in this case, she also spelled her last name "Canon"; therefore, we have spelled the appellant's last name "Canon."

punishment hearing.[2] Because Canon failed to preserve her complaint for appellate review, we will affirm.

Generally, an issue is preserved for appellate review only if (1) the complaint was made to the trial court by a timely and specific request, objection, or motion, and (2) the trial court either ruled on the request, objection, or motion or refused to rule and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Here, Canon did not object in the trial court to the lack of a separate punishment hearing.

Relying on *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992) (per curiam), Canon argues that she was excused from making an objection because she was not given the opportunity to do so. In *Issa*, the trial court in one proclamation had stated that it "[t]hereby revoke[d] [appellant's] probation and enter[ed] a finding, adjudication . . . , and [t]hereby sentence[d] [appellant] to serve a term in the Texas Department of Corrections for ten years." *Id.* at 161. The Court of Criminal Appeals held that because the appellant had no opportunity to object to the trial court's action until after that action

---

[2] Although Canon identifies the trial court's failure to conduct a separate punishment hearing as her only issue in the "Issues Presented" and "Argument" sections of her brief, Canon's brief states the following in the "Summary of the Argument" section: "In his only issue, Appellant asserts the evidence was insufficient to support the trial court's finding that he violated the terms of his probation." But the brief does not otherwise contain any argument or authority regarding such contention. Thus, to the extent Canon was attempting to raise a sufficiency issue, she has inadequately briefed her complaint and has presented nothing for review. *See* TEX. R. APP. P. 38.1(h), (i). Moreover, the State need only establish one sufficient ground for revocation to support the trial court's order revoking community supervision, *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980), and Canon pleaded "true" to several of the allegations contained in the State's motion to revoke.

was taken, the appellant's raising of his objection in his timely filed motion for new trial preserved his complaint for appellate review. *Id.*

*Issa* is distinguishable from this case. Here, unlike in *Issa*, Canon was given the opportunity to object in the trial court to the lack of a separate punishment hearing. At the end of the hearing on the State's motion to revoke, the following exchange occurred:

> THE COURT: . . . .
>
> . . . .
>
> Court finds that Ms. Shelley Diane Canon did violate the terms and conditions of her community supervision, and at this time, the Court is going to revoke her community supervision.
>
> . . . .
>
> Court having found that you did violate the terms and conditions all these - - of your conditions of probation and the modifying 21 and 22 conditions, Court is going to assess punishment at 500 days and your original fine of a thousand dollars.
>
> . . . .
>
> (Discussion off the record)
>
> THE COURT: Back on the record in Cause Number 43821CR, The State of Texas versus Shelley Diane Canon.
>
> We've got Ms. Canon in the courtroom. Her attorney . . . is in the courtroom. And [Prosecutor] is in the courtroom also.
>
> [Defense counsel], is there any legal reason why sentence should not be imposed today for Ms. Canon?
>
> [Defense counsel]: No, Judge.

THE COURT: Thank you.

Then, Ms. Canon, it shall be the order, judgment, decree of this Court that you're going to be taken by the sheriff of Ellis County where you're going to be safely transferred to the authorizing receiving agent of the Texas Department of Criminal Justice, the state jail facility, where you shall be confined for a period of 500 days.

. . . .

All right. [Prosecutor], anything else?

[Prosecutor]: No, Your Honor.

THE COURT: [Defense counsel], anything else?

[Defense counsel]: Nothing, Judge.

Despite the trial court specifically asking Canon if there was any reason why sentencing should not be imposed, Canon did not object to the lack of a separate punishment hearing. Canon therefore failed to preserve her complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999).

Furthermore, even if Canon had not been given an opportunity to object at the time of sentencing, she did not raise her complaint about the lack of a separate punishment hearing in her motion for new trial. Accordingly, Canon has not preserved her complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Issa*, 826 S.W.2d at 161.

We overrule Canon's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed September 30, 2020
Do not publish
[CR25]

