**AFFIRMED and Opinion Filed February 4, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00467-CR**
**No. 05-20-00468-CR**
**No. 05-20-00469-CR**
**No. 05-20-00470-CR**
**No. 05-20-00472-CR**
**No. 05-20-00473-CR**
**No. 05-20-00474-CR**
**No. 05-20-00475-CR**

**ADRIAN DEVONTA ELLISON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F-0833127-L, F-0851957-L, F-1023982-L,**
**F-1900064-L, F-1940183-L, F-1940182-L, F-1940184-L, F-0811942-L**

# MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Adrian Devonta Ellison appeals his convictions for theft, burglary, forgery of

governmental instruments, and fraudulent use or possession of identifying

information. In three issues, Ellison contends the trial court erred in failing to

conduct a separate sentencing hearing, and the sentences violate the federal and state

constitutions because they are grossly disproportionate to the crimes and inappropriate for the offender. We affirm the trial court's judgment.

## BACKGROUND

In 2008 and 2009, Ellison was indicted on charges of theft of property valued from $1,500 to $20,000, theft of property valued from $20,000 to $100,000, and theft of property valued from $100,000 to $200,000. Ellison pleaded guilty to the charges and received deferred-adjudication community supervision. In 2010, he was indicted on a charge of burglary of a building. Ellison pleaded guilty to this charge. The State moved to revoke his community supervision based on the new indictment. The trial court, however, continued Ellison's community supervision. In 2019, he was indicted on charges of theft of a service valued at $300,000 or more, fraudulent use or possession of identifying information in an amount of 50 or more items, and forgery of governmental instruments. Ellison pleaded guilty to the latest charges.

The trial court held a hearing on the State's motions to revoke and Ellison's pleas. The trial court received evidence from the State regarding the theft of cable television equipment by using false identities. To mitigate further punishment, Ellison testified regarding his difficult childhood and courses he had completed while in jail. Ellison's brother and aunt, who had been Ellison's legal guardian, also testified that they were willing and able to provide a support system to Ellison if the court were to continue his deferred adjudication. At the end of the hearing, the trial court found Ellison guilty of all charges and sentenced him to one year in jail for the

lowest theft charge.[1] Although not pronounced in open court like the other sentences, the record reflects that the trial court also sentenced Ellison to one year in jail on the burglary charge.[2] On the other 2008 theft charges, the trial court sentenced Ellison to ten years in prison on each charge.[3] On the 2019 charges, the trial court sentenced Ellison to ten years in prison on each charge.[4] The sentences run concurrently. This appeal followed.

## ANALYSIS

In three issues, Ellison contends the trial court erred in failing to conduct a separate punishment hearing and violated the Eighth Amendment and the Texas Constitution by imposing a sentence grossly disproportionate to the crimes committed. We address each issue in turn.

---

[1] Under the version of the penal code applicable in cause number F-0811942-L, theft was a state jail felony if "the value of the property stolen is $1,500 or more but less than $20,000." *See* Act of June 15, 2007, 80th Leg., R.S., ch. 304, § 1, 2007 Tex. Gen. Laws 580 (amended eff. Sept. 1, 2007) (current version at TEX. PEN. CODE § 31.03(e)(4)(a)). A state jail felony is punishable by confinement from 180 days to two years. TEX. PEN. CODE §12.35(a).

[2] As charged in cause number F-1023982-L, burglary of a building is a state jail felony. TEX. PEN. CODE §§ 12.35(a), 30.02(c)(1).

[3] Under the version of the penal code applicable in cause numbers F-0833127-L and F-0851957-L, theft was "a felony of the third degree if the value of the property stolen is $20,000 or more but less than $100,000" and "felony of the second degree if the value of the property stolen is $100,000 or more but less than $200,000." *See* Act of June 15, 2007, 80th Leg., R.S., ch. 304, § 1, 2007 Tex. Gen. Laws 581 (amended eff. Sept. 1, 2007) (current version at TEX. PEN. CODE § 31.03(e)(5), (6)). A third degree felony is punishable by imprisonment for "not more than 10 years or less than 2 years." TEX. PEN. CODE § 12.34(a). A second degree felony is punishable by imprisonment for "not more than 20 years or less than 2 years." TEX. PEN. CODE § 12.33(a).

[4] As charged in cause number F-1900064-L, theft of property valued at $300,000 or more is a first degree felony punishable by imprisonment for "life or for any term of not more than 99 years or less than 5 years." TEX. PEN. CODE §§ 31.03(e)(7), 12.32(a). As charged in cause numbers F-1940183-L and F-1940184-L, forgery of a governmental instrument is a third degree felony punishable by imprisonment for "not more than 10 years or less than 2 years." TEX. PEN. CODE §§ 12.34(a), 32.21(e). As charged in cause number F-1940182-L, fraudulent use of identifying information is a first degree felony if "the number of items obtained, possessed, transferred, or used is 50 or more." TEX. PEN. CODE §§ 32.51(c)(4), 12.32(a).

## A.  Punishment Hearing

In his first issue, Ellison contends the trial court erred when it sentenced him immediately after pronouncing his guilt. Citing *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992), and article 42.12 of the code of criminal procedure,[5] Ellison asserts that he was entitled to a separate punishment hearing after adjudication of his guilt to allow him "to put on mitigating evidence." *See Issa*, 826 S.W.2d at 161 (accused is entitled to punishment hearing after adjudication of guilt, and trial court must allow opportunity to present evidence); TEX. CODE CRIM. PRO. art. 42A.110(a) ("After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue as if the adjudication of guilt had not been deferred."). The State contends that Ellison failed to preserve this error for our review. Alternatively, the State contends that Ellison "provided mitigation evidence for the court to consider before assessing punishment."  We agree with the State.

Ellison was entitled to a punishment hearing after the adjudication of his guilt. *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); *Issa*, 826 S.W.2d at 161. This right, however, is statutory and can be waived. *Vidaurri*, 49 S.W.3d at

---

[5] At the time Ellison was placed on deferred adjudication community supervision, the statutes governing community supervision were codified in article 42.12 of the code of criminal procedure. Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A of the code of criminal procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65. Because the re-codification was a non-substantive revision of the community supervision laws, we cite to the current statute in this opinion.

885–86. Ellison did not complain about the lack of a separate punishment hearing either at the time he was adjudicated guilty or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a)(1) (preservation of error); *Issa*, 826 S.W.2d at 161 (appellant preserved error through motion for new trial despite failing to object when trial court proceeded directly from pronouncing guilt to punishment); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (to preserve error for appeal, record must show appellant made timely request, objection, or motion). Accordingly, he failed to preserve error for our review. *See* TEX. R. APP. P. 33.1(a)(1).

Regardless, "*Issa* does not stand for the absolute right to a separate punishment hearing." *Hardeman v. State*, 1 S.W.3d 689, 690–91 (Tex. Crim. App. 1999). Rather, "it requires the defendant to have the opportunity to present evidence in mitigation of punishment if not afforded during adjudication." *Id*.

The record reflects that during the adjudication hearing, Ellison was given the opportunity to present evidence, and did so. Specifically, he testified to courses he had completed while in jail. His brother and aunt also testified that they were willing and able to provide a support system to him if the court were to continue his deferred adjudication. Thus, Ellison "had the opportunity to present evidence during the proceedings, and that is all that is required." *See Hardeman*, 1 S.W.3d at 691. Accordingly, we conclude that the trial court did not err in not conducting a separate

punishment hearing after adjudicating Ellison's guilt. We overrule Ellison's first issue.

## B.    Cruel and Unusual Punishment

In his second issue, Ellison contends the sentences violate the Eighth Amendment because they are "grossly disproportionate to the crime." His third issue likewise contends the sentences violate article I, section 13 of the Texas Constitution. The State contends that Ellison failed to preserve error for either of these issues. Alternatively, the State contends that the sentences are not grossly disproportionate in light of Ellison's "increasingly brazen theft schemes, his lack of cooperation during his periods of community supervision, and his demonstrated long history of recidivism." We agree with the State.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. CONST. amend. VIII. Article I, section 13 of the Texas Constitution likewise prohibits "cruel or unusual punishment." TEX. CONST. art. I, § 13. Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. ref'd, untimely filed). To preserve error for appellate review, the record must show Ellison made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Ellison did not object when he was sentenced and did not file a motion for new trial.

Accordingly, he has not preserved error for appellate review. *See Bell v. State*, 326 S.W.3d at 724; *Castaneda*, 135 S.W.3d at 723.

Regardless, the punishment imposed in these cases was within the statutory ranges. "Punishment assessed within the statutory range is not unconstitutionally cruel and unusual." *Castaneda*, 135 S.W.3d at 723. Ellison acknowledges this fact but contends that the punishment can still be grossly disproportionate to the crime.

A very narrow exception exists that an individual's sentence may constitute cruel and unusual punishment, despite falling in the statutory range, if it is grossly disproportionate to the offense. *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."). To evaluate the proportionality of a sentence, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Alvarez*, 525 S.W.3d at 893. When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Only if gross disproportionality is found do we then

compare the sentence to sentences received for similar crimes in this and other jurisdictions. *Id.*

The record reflects that Ellison pleaded guilty to multiple thefts totaling over $1 million, forgery of governmental instruments, and use of false identities to perpetrate a theft scheme. Some of the offenses qualify as first and second degree felonies subject to twenty-year and ninety-nine-year sentences. Yet, the trial court assessed the same ten-year sentence on all felony convictions. Even if the sentences failed our threshold analysis, however, Ellison has presented nothing for comparison. Rather, he summarily asserts that "[t]he facts and circumstances of the cases warranted that [he] be given a lighter sentence." On the record before us, we conclude that the sentences imposed were not grossly disproportionate to the crimes and did not constitute cruel and unusual punishment. We overrule Ellison's second and third issues.

## CONCLUSION

Having overruled all of Ellison's issues on appeal, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
200467F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00467-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-0833127-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 4, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00468-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas Trial Court Cause No. F-0851957-L. Opinion delivered by Justice Partida-Kipness. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 4, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00469-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1023982-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 4, 2022



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00470-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1900064-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 4, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00472-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1940183-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 4, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00473-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1940182-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 4, 2022



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00474-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-1940184-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 4, 2022



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN DEVONTA ELLISON,
Appellant

No. 05-20-00475-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F-0811942-L.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered February 4, 2022