

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00194-CR

MATTHEW RYAN STANBERRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32183A, Honorable Dee Johnson, Presiding

December 6, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Matthew Ryan Stanberry, Appellant, appeals his conviction for stalking. By three issues on appeal, he challenges the constitutionality of the statute, the propriety of the punishment hearing, and the trial court's assessment of costs. We affirm.

## BACKGROUND

A grand jury indicted Appellant for the third-degree felony offense of stalking.[1] Appellant waived a jury trial and pleaded guilty in an open plea. After he was sentenced to eight years' confinement in the Texas Department of Criminal Justice, he brought this appeal.

## ANALYSIS

In his first issue, Appellant argues that the Texas stalking statute is facially unconstitutional because it is vague and/or overbroad. Specifically, Appellant asserts that section 42.072 of the Texas Penal Code does not pass constitutional muster in light of the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 2119, 216 L. Ed. 2d 775 (2023), in which the high court vacated a stalking conviction.

The State responds that Appellant failed to preserve this issue for our review. The State's argument is well-taken. "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). To preserve a complaint for appellate review, a party must first present "to the trial court a timely request, objection, or motion" stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Further, the trial court must have "ruled on the request, objection, or

---

[1] *See* TEX. PENAL CODE ANN. § 42.072.

2

motion, either expressly or implicitly; or . . . the complaining party objected to the [trial court's] refusal to rule." TEX. R. APP. P. 33.1(a)(2).

Appellant did not present his complaint about the alleged vagueness or overbreadth of the statute to the trial court. Therefore, the complaint has not been preserved for our review. TEX. R. APP. P. 33.1(a); *Karenev*, 281 S.W.3d at 434. Accordingly, we overrule the first issue.

In his second issue, Appellant contends that the trial court erred when it failed to provide a separate punishment hearing. Appellant relies on *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992) (per curiam) (en banc), to support his claim that he was entitled to a separate hearing on punishment. Appellant's reliance on *Issa* is misplaced. *Issa* does not stand for the absolute right to a separate punishment hearing, but instead requires that a defendant be given the opportunity to present evidence in mitigation of punishment if not afforded an opportunity during the adjudication phase. *See Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999) (en banc); *Issa*, 826 S.W.2d at 161.

Here, Appellant entered a plea of guilty in a bench trial, which resulted in a unitary proceeding in which "the issues of guilt and punishment [are] submitted at the same time." *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001) (en banc); *see In re State ex rel. Tharp*, 393 S.W.3d 751, 757 (Tex. Crim. App. 2012) ("[B]oth statute and caselaw are unequivocal that a plea of guilty causes the trial to become unitary."). Moreover, Appellant was given ample opportunity to present evidence in mitigation of punishment. He testified regarding his educational and employment background, the circumstances of the offense, his family's efforts to intervene in his life, and his desire for therapy. Appellant

3

told the trial court that he was ashamed of himself and wanted to get help. In closing arguments, his trial counsel set forth reasons why Appellant was a good candidate for probation. The record reflects that Appellant was afforded the opportunity to present punishment evidence in the proceeding. We overrule Appellant's second issue.

Finally, Appellant claims that the trial court erred in finding that he "does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals."[2] The trial court assessed court costs totaling $375; no attorney's fees were included. Appellant asserts that the court costs should be deleted from the judgment because no evidence supports the court's finding that he could pay. We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

The Code of Criminal Procedure requires a convicted defendant to pay court costs as they are "pre-determined, legislatively mandated obligations resulting from a conviction." *Osuna v. State*, No. 03-18-00239-CR, 2018 Tex. App. LEXIS 4954, at *28 (Tex. App.—Austin July 3, 2018, no pet.) (mem. op., not designated for publication). Furthermore, a defendant's financial ability to pay is not relevant to the assessment of legislatively-mandated court costs. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.— Amarillo 2011, pet. denied). Because the court costs are properly collectable, regardless

---

[2] The finding was reflected in the trial court's "Indigency Findings and Orders," which recited that the trial court "conduct[ed] the inquiry required" by article 42.15(a-1) of the Code of Criminal Procedure.

of Appellant's ability to pay now or in the future, we find no error in the assessment of costs. Therefore, we overrule Appellant's third issue.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.